**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| 419STUDIOS LTD.,<br><br>         Plaintiff,<br><br>    v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,<br><br>         Defendants. | Case No. 26-cv-5674<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff 419Studios Ltd. ("419STUDIOS"), by and through undersigned counsel, hereby alleges as follows against the individuals, corporations, limited liability companies, partnerships, unincorporated associations, and foreign entities identified on Schedule A[1] to this Complaint (collectively, "Defendants"):

**INTRODUCTION**

1.      This action has been filed by Plaintiff to combat online counterfeiters who trade on Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's trademarks (the "419STUDIOS Trademarks"), which are covered by U.S. Trademark Registration Nos. 7,318,144; 7,783,252; 7,839,983; and 7,943,119.

2.      The 419STUDIOS Trademarks are valid, subsisting, and in full force and effect. True and correct copies of the federal trademark registration certificates for the 419STUDIOS Trademarks are attached hereto as **Exhibit 1**.

---

[1]      Plaintiff is filing a motion to temporarily seal Schedule A simultaneously with the filing of this Complaint.

1

3.      Defendants are improperly advertising, marketing and/or selling unauthorized and illegal products infringing upon Plaintiff's 419STUDIOS Trademarks (the "Counterfeit Products"). By selling Counterfeit Products that purport to be genuine and authorized products using the 419STUDIOS Trademarks, Defendants cause confusion and deception in the marketplace.

4.      Defendants create numerous fully interactive commercial internet stores operating under the online marketplace accounts identified in Schedule A (collectively, the "Defendant Internet Stores"), including on the platforms Shein, Temu, and TikTok (collectively, the "Marketplace Platforms").

5.      Defendants design the online marketplace accounts to appear to be selling genuine products bearing the 419STUDIOS Trademarks while selling inferior imitations of such products.

6.      The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

7.      Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of the 419STUDIOS Trademarks, as well as to protect consumers from unknowingly purchasing Counterfeit Products.

8.      As a result of Defendants' actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademark and goodwill and, therefore, seeks injunctive and monetary relief.

9.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in New York and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in New York and in this Judicial District.

10.      In addition, each Defendant has offered to sell and ship counterfeit products into this Judicial District.

## SUBJECT MATTER JURISDICTION

11.      This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. §§ 1331, 1338(a)–(b).

12.      This Court has jurisdiction over the unfair deceptive trade practices claims in this action that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## PERSONAL JURISDICTION AND VENUE

13.      Personal jurisdiction exists over Defendants in this Judicial District pursuant to C.P.L.R. § 302(a)(1) and (3), or, in the alternative, Fed. R. Civ. P. 4(k) because, upon information and belief, Defendants regularly conduct, transact, and/or solicit business in New York and in this Judicial District; derive substantial revenue from business transactions in New York and in this Judicial District; and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

3

14.     In addition, because Plaintiff sells genuine merchandise and apparel bearing the 419STUDIOS Trademarks in this Judicial District, Defendants' illegal counterfeiting and infringing actions injured Plaintiff in this Judicial District through lost sales and customers. Defendants' actions have also harmed Plaintiff by confusing and deceiving consumers in this Judicial District who can view Defendant Internet Stores such that Defendants should reasonably expect such actions to have consequences in New York and this Judicial District.

15.     For example, Defendant Internet Stores accept orders of Counterfeit Products from and offer shipping to New York addresses located in this Judicial District. Exemplar screenshots of the shopping cart from Defendant Internet Stores allowing Counterfeit Products to be shipped to this Judicial District are attached as Exhibit 2 to the Declaration of Linda Ogbenna, filed simultaneously with the filing of this Complaint.

16.     Upon information and belief, Defendants also were and/or are systematically directing and/or targeting their business activities at consumers in the United States, including those in New York and in this Judicial District, through accounts (the "User Account(s)") on e-commerce sites including the Marketplace Platforms, as well as any and all as yet undiscovered User Accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them. Through these User Accounts, consumers in the United States, including New York and in this Judicial District, can view the marketplace accounts that each Defendant operates, uses to communicate with Defendants regarding their listings for Counterfeit Products, and to place orders for, receive invoice for and purchase Counterfeit Products for delivery in the United States, including New York and in this Judicial District, as a means for establishing regular business with the United States, including New York and this Judicial District.

17.     Defendants have transacted business with consumers located in the United States, including New York and this Judicial District, for the sale and shipment of Counterfeit Products.

18.     Venue is proper in this Court pursuant to at least 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of trademark counterfeiting in this Judicial District and do substantial business in this Judicial District.

## THE PLAINTIFF

19.     Plaintiff 419STUDIOS is a United Kingdom Limited Company incorporated in the United Kingdom.

20.     419STUDIOS owns all rights in the 419STUDIOS Trademarks as follows:

| U.S. TM Reg. No. | Trademark | Registration Date |
|---|---|---|
| 7,318,144 | | Mar. 5, 2024 |
| 7,783,252 | | May 6, 2025 |

5

| 7,839,983 |  | Jun. 24, 2025 |
| 7,943,119 | | Sep. 16, 2025 |

## THE DEFENDANTS

21.    Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China.

22.    Defendants are merchants on online e-commerce platforms, including the Marketplace Platforms.

## THE 419STUDIOS PRODUCTS

23.    419STUDIOS develops, markets, and sells apparel and related products under the Corteiz brand (the "419STUDIOS Products"). 419STUDIOS was founded by Clint419 (also known as Clint) in London, England, and has since grown into one of the most recognized and culturally influential streetwear brands in the world. Corteiz launched its first product, the "Island OG Sweatshirt," on September 24, 2017, establishing an immediate connection with consumers drawn to its distinctive aesthetic and authentic brand identity. In March 2018, 419STUDIOS

expanded its product line to include additional apparel items such as tracksuits, t-shirts, pants, and balaclavas, each of which was met with significant consumer demand.

24. Corteiz has cultivated a devoted global following through its distinctive brand philosophy rooted in community, authenticity, and cultural expression. The brand's signature Alcatraz logo and its motto "Rules the World" have become widely recognized symbols within the streetwear industry and popular culture at large. Corteiz has been featured extensively in prominent fashion and cultural publications, including Vogue,[2] GQ,[3] Highsnobiety,[4] Complex,[5] and Hypebeast,[6] and has garnered widespread recognition as a leading force in contemporary streetwear.

25. The brand's cultural significance is further evidenced by its high-profile collaborations with globally recognized brands and entities, including Nike, Supreme, and Denim Tears. These collaborations have generated extraordinary consumer interest and have been widely covered in international media. Corteiz has also organized notable public events, including the "Da Great Bolo Exchange" in London, during which consumers traded jackets from other luxury and

---

[2] Kati Chitrakorn, *Why Everyone's Talking About Corteiz*, VOGUE (Jan. 31, 2022), https://www.vogue.com/article/corteiz-clint-and-the-future-of-streetwear.

[3] Jordan Coley, *Inside Corteiz's Frenzied Brooklyn Denim Exchange*, GQ (May 16, 2024), https://www.gq.com/story/corteiz-brooklyn-denim-exchange-scene-report.

[4] Tom Barker, *Why Corteiz's New Collab is a Piece of History*, HIGHSNOBIETY (May 3, 2024), https://www.highsnobiety.com/p/corteiz-simon-wheatley-collaboration/.

[5] Lei Takanashi, Mike Destefano, *Everything You Need to Know About Corteiz*, COMPLEX (Jan. 15, 2026), https://www.complex.com/style/a/lei-takanashi/corteiz-streetwear-everything-to-know.

[6] Joyce Li, *Corteiz's Next Drop Features a Nostalgic New Era Collaboration*, HYPEBEAST (Feb. 25, 2026), https://hypebeast.com/2026/2/corteiz-debut-new-era-collaboration-apparel-capsule-release-info.

streetwear brands in exchange for Corteiz products, an event that attracted thousands of participants and extensive media coverage,[7] further cementing the brand's cultural relevance and consumer loyalty.

26.     Corteiz distinguishes itself through a carefully controlled distribution model. Its products are distributed directly to consumers through the company's own website and warehouse operations, and 419STUDIOS acts as the exclusive distributor for its goods. The company employs limited-quantity releases and controlled "drop" sales mechanisms, including password-protected releases, which have become hallmarks of the brand and contribute to the significant demand for and exclusivity of 419STUDIOS Products. The company maintains ownership of all trademarks associated with the Corteiz brand and has engaged in limited, selective licensing solely through the aforementioned collaborations. Corteiz products are sought after by consumers across the globe, including a substantial and growing consumer base in the United States, where the brand enjoys significant recognition and demand.

27.     From the date of the creation of the first 419STUDIOS Products to the present, the Plaintiff and its authorized retailers are and have been the sole and official source of genuine 419STUDIOS Products in the United States and New York. Plaintiff safeguards its brand and investment in the 419STUDIOS Products by way of intellectual property protections. 419STUDIOS is the exclusive owner of the 419STUDIOS Trademarks, which have been continuously used and never abandoned.

---

[7] Cortiez, *Why Corteiz's Bolo Exchange Was Modern Day Performance Art*, MEDIUM (Oct. 16, 2023),https://medium.com/@cortiez21/why-corteizs-bolo-exchange-was-modern-day-performance-art-27e3bfe93d04.

*Examples of Genuine 419STUDIOS Products Bearing the 419STUDIOS Trademarks*





28.     The registrations for the 419STUDIOS Trademarks constitute *prima facie* evidence of their validity and of Plaintiff's exclusive right to use the trademarks pursuant to 15 U.S.C. § 1057(b).

29.     The 419STUDIOS Trademarks qualify as famous marks, as that term is used in 15 U.S.C. §1125(c)(1), and, since their registration, have been continuously used and never abandoned.

30.     The 419STUDIOS Products have acquired national and worldwide fame and recognition because of their uniquely recognizable designs and placement in contemporary streetwear culture.

31.     Plaintiff owns all rights, including without limitation, the rights to reproduce the trademarked designs in copies, to prepare derivative works based upon the trademarked designs, and to distribute copies of the trademarked designs to the public by sale or other transfer of ownership, or by rental, lease, or lending, in the 419STUDIOS Trademarks as the owner of those trademarks.

## THE DEFENDANTS' UNLAWFUL CONDUCT

32.     The success of the 419STUDIOS Products has resulted in significant counterfeiting. Plaintiff has identified numerous Defendant Internet Stores linked to fully interactive websites on e-commerce sites including the Marketplace Platforms. These Defendant Internet Stores offer for sale, sell, and import Counterfeit Products to consumers in this Judicial District and throughout the United States.

33.     Defendants have persisted in creating such online marketplaces and internet stores that contribute to the hundreds of billions of dollars of counterfeit goods sold each year. According to an intellectual property rights seizures statistics report issued by U.S. Customs and Border

Protection, the manufacturer's suggested retail price of goods seized by the U.S. government in fiscal year 2024 was approximately $5.4 billion, and over $5 billion of seized goods came from China and Hong Kong alone.

34.    Defendants facilitate sales by designing the Defendants' Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine 419STUDIOS Products. Many of the Defendants' Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website.

35.    Plaintiff has not licensed or authorized Defendants to use the 419STUDIOS Trademarks. None of the Defendants are authorized retailers of genuine 419STUDIOS Products.

36.    Defendants also deceive unknowing consumers by using without authorization the 419STUDIOS Trademarks within the product descriptions, content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for 419STUDIOS Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine 419STUDIOS Products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down.

37.    On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their massive network

11

of Defendant Internet Stores. For example, it is common practice for counterfeiters to register their domain names and/or User Accounts with incomplete information or omitted cities or states.

38.    Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

39.    Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, the Counterfeit Products for sale in the Defendants' Internet Stores bear similarities and indicia of being related to one another, suggesting that the Counterfeit Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

40.    In addition, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under User Accounts once they receive notice of a lawsuit.[8]

---

[8]    *Buyers Beware! ICE HSI and CBP in Boston warn consumers about counterfeit goods during holiday shopping season*, U.S. Immigration and Customs Enforcement (Dec. 11, 2019), https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-about-counterfeit-goods-during (noting counterfeiters are adept at "setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites").

41.    Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.[9]

42.    Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

43.    According to the previously cited 2024 U.S. Customs and Border Protection report on seizure statistics indicated that in fiscal year 2024, "97% of [Intellectual Property Rights] seizures in the cargo environment occurred in the de minimis shipments."

44.    Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts.

45.    On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their PayPal accounts to offshore bank accounts outside the jurisdiction of this Court. Analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

46.    Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the 419STUDIOS Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Products into the United States and New York over the Internet.

---

[9]    Rogue internet servers and sellers are a well-known tactic that have even been covered in Cabinet-level agency reports. *See 2023 Review of Notorious Markets for Counterfeiting and Piracy* (available                              online                              at https://ustr.gov/sites/default/files/2023_Review_of_Notorious_Markets_for_Counterfeiting_and _Piracy_Notorious_Markets_List_final.pdf).

47.     Each Defendant Internet Store offers shipping to the United States, including New York in this Judicial District, and each Defendant has offered to sell counterfeit 419STUDIOS Products into the United States, including New York in this Judicial District.

48.     Defendants' use of the 419STUDIOS Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

49.     Prior to and contemporaneous with their counterfeiting and infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the 419STUDIOS Trademarks, of the fame and incalculable goodwill associated therewith and of the popularity and success of the 419STUDIOS Products, and in bad faith proceeded to manufacture, market, develop, offer to be sold, and/or sell the Counterfeit Products.

50.     Defendants have been engaging in the illegal counterfeiting and infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff and the 419STUDIOS Products.

### FIRST CAUSE OF ACTION
### TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114 *et seq.*)

51.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–50 of this Complaint.

52.     This is a trademark counterfeiting and infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered 419STUDIOS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The 419STUDIOS Trademarks are highly distinctive marks.

14

Consumers have come to expect the highest quality from Plaintiff's products provided under the 419STUDIOS Trademarks.

53.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the 419STUDIOS Trademarks without Plaintiff's permission:

*Exemplars of Genuine 419STUDIOS Products and Images Incorporating the 419STUDIOS Trademarks:*



*Compared to images of some counterfeits sold by the Defendants:*



15

54.      Plaintiff owns all rights in the 419STUDIOS Trademarks and its authorized licensees are the official source of 419STUDIOS Products. The United States Registrations for the 419STUDIOS Trademarks are in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the 419STUDIOS Trademarks and are willfully infringing and intentionally using counterfeits of the 419STUDIOS Trademarks. Defendants' willful, intentional, and unauthorized use of the 419STUDIOS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

55.      Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

56.      The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

57.      Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its famous 419STUDIOS Trademarks.

## SECOND CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a) *et seq.*)

58.      Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–50 of this Complaint.

59.      Defendants' promotion, marketing, offering for sale, and sale of counterfeit 419STUDIOS Products has created and is creating a likelihood of confusion, mistake, and

16

deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiff.

60.     By using the 419STUDIOS Trademarks in connection with the sale of counterfeit 419STUDIOS Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

61.     Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public under 15 U.S.C. § 1125(a).

62.     Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## THIRD CAUSE OF ACTION
### UNFAIR COMPETITION (New York Common Law)

63.     Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–50 of this Complaint.

64.     Plaintiff has not licensed or authorized Defendants to use the 419STUDIOS Trademarks, and none of the Defendants are authorized retailers of genuine 419STUDIOS Products.

65.     Defendants knowingly and intentionally trade upon Plaintiff's reputation and goodwill by selling and/or offering products for sale in connection with Plaintiff's 419STUDIOS Trademarks.

66.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the

17

general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiff.

67.     Defendants knew, or should have known, that their promotion, marketing, offering for sale, and sale of Counterfeit Products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

68.     In fact, Defendants have fraudulently represented by their statements and actions that the Counterfeit Products are Plaintiff's products including, for example, by: (i) using SEO tactics to misdirect customers seeking 419STUDIOS Products to the Defendant Internet Stores; (ii) using deceptive advertising practices within the text and metadata of the Defendant Internet Stores; and (iii) taking other steps to deceive and confuse the consuming public.

69.     On information and belief, Defendants' conduct is willful and intentional as Defendants attempt to avoid liability by concealing their identities, using multiple fictitious names and addresses to register and operate their illegal counterfeiting operations and Defendant Internet Stores.

70.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## **DEMAND FOR RELIEF**

71.     Plaintiff hereby demands judgment as follows:

    a.  That Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

18

i.      using the 419STUDIOS Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine 419STUDIOS Product or is not authorized by Plaintiff to be sold in connection with the 419STUDIOS Trademarks;

ii.      passing off, inducing, or enabling others to sell or pass off any product as a genuine 419STUDIOS Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the 419STUDIOS Trademarks;

iii.      committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

iv.      further infringing the 419STUDIOS Trademarks and damaging Plaintiff's goodwill; and

v.      shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's trademark, including the 419STUDIOS Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof;

b.  Entry of an Order that the Marketplace Platforms, including without limitation Shein, Temu, and TikTok, and any other online marketplace account through which Defendants are selling Counterfeit Products, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products.

c.  That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the 419STUDIOS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

d.  In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the 419STUDIOS Trademarks.

e.  That Plaintiff be awarded its reasonable attorneys' fees and costs; and

f.  Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

72.  Plaintiff hereby demands a trial by jury.


Dated: July 2, 2026                    Respectfully,

                                       /s/ Martin Yi
                                       Martin Yi
                                       Christopher Tom
                                       Boies Schiller Flexner LLP
                                       55 Hudson Yards
                                       New York, NY 10001
                                       (212) 446-2300
                                       myi@bsfllp.com
                                       ctom@bsfllp.com

                                       *Counsel for Plaintiff 419STUDIOS LTD.*

20